UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI COSTA,<br><br>                 Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                 Defendant. | No. 2:15-cv-0603 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted in part and denied in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On May 27, 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on May 3, 2010. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 6 & 8.)

1

("Tr.") at 20, 189-92.)  Plaintiff's applications were denied initially, (id. at 140-45), and upon reconsideration.  (Id. at 153-57.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on June 6, 2013.  (Id. at 38-75.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 38-39.)  In a decision issued on August 30, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 32.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since May 3, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: status post carpal tunnel release of right hand (September 2011) with residual pain, status post left knee surgery with chronic mild pain, obesity, chronic ear infections with some hearing loss, and depression (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only lift and carry 10 pounds occasionally and frequently.  She can stand and walk for 2 hours in an 8-hour workday. She can sit for 6 hours in an 8-hour workday with the sit/stand option to stand up and stretch every 30 minutes for 1 to 2 minutes at her workstation.  She can occasionally climb ramps/stairs, stoop, balance, and crouch, however, she is not able to climb ladders, ropes or scaffolds.  She is not able to crawl and kneel.  Due to her hearing impairment, she cannot be exposed more than moderately to any noise in the workplace.  She is only able to occasionally handle, finger and feel with her right dominant hand.  Due to her depression, she is limited to performing simple repetitive tasks with only occasional interaction with the public.
>
> 6. The claimant is unable to perform any past relevant work (work performed in the past 15 years, performed long enough to learn the work, and performed as substantial gainful activity) (20 CFR 404.1565 and 416.965).

////

> 7. The claimant was born on December 19, 1964 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 3, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 22-32.)

On January 30, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's August 30, 2013 decision. (Id. at 2-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 17, 2015. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following three principal claims: (1) the Vocational Expert's testimony conflicted with the Dictionary of Occupational Titles; (2) the ALJ's residual functional capacity determination is incomplete; and (3) plaintiff is entitled to a finding of disability under the grids. (Pl.'s MSJ (ECF No. 15-1) at 9-19.[2])

### I.   **Vocational Expert Testimony**

Plaintiff argues that the ALJ violated Social Security Rule ("SSR") 00-4p by improperly claiming that the Vocational Expert's ("VE") testimony was consistent with the information

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

contained in the Dictionary of Occupational Titles ("DOT").  (Pl.'s MSJ (ECF No. 15-1) at 9-12.)

> SSR 00-4p unambiguously provides that "[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [Dictionary of Occupational Titles]."  SSR 00-4p further provides that the adjudicator "will ask" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.

Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (alterations in original); see also Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) ("The ALJ must ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination.").

Here, the ALJ relied on the VE's testimony that plaintiff's residual functional capacity allowed her to perform the jobs of Telephone Quotation Clerk and Surveillance Systems Monitor.  (Tr. at 32, 68.)  Those jobs, however, require a reasoning development level 3.[3]  See DICOT 237.367-046; DICOT 379.367-010.  "The weight of authority in this circuit, including in this district, has concluded that a limitation to simple, repetitive tasks is inconsistent with the DOT's description of jobs requiring GED reasoning Level 3."  Celedon v. Colvin, No. 1:13-cv-0449 SMS, 2014 WL 4494507, at *9 (E.D. Cal. Sept. 11, 2014); see also Rounds v. Commissioner Social Sec. Admin., 807 F.3d 996, 1003 (9th Cir. 2015) ("There was an apparent conflict between Rounds' RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning, which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'"); Zavalin, 778 F.3d at 847 ("there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning"); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (limitation to simple and routine work "seems inconsistent with the demands of level-three reasoning"); Tich Pham v. Astrue, 695 F.Supp.2d 1027, n.7 1032 (C.D. Cal. 2010) (level 3

---

[3] Level 3 reasoning requires a claimant to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  APPENDIX C - COMPONENTS OF THE DEFINITION TRAILER, 1991 WL 688702.

1 reasoning "greater than the reasoning required for simple repetitive tasks"); Torrez v. Astrue, No.
2 1:09-0626-JLT, 2010 WL 2555847, at *9 (E.D. Cal. June 21, 2010) ("In light of the weight of
3 authority in this circuit, the Court concludes that the DOT precludes a person restricted to simple,
4 repetitive tasks, from performing work . . . that requires level three reasoning.").

5 The ALJ did ask the VE if the VE's testimony was consistent with the DOT. (Tr. at 68.)
6 The VE, however, answered that it was. (Id.) That answer was incorrect in light of the conflict
7 between the VE's testimony and the DOT. Accordingly, plaintiff is entitled to summary
8 judgment on her claim that the VE's testimony conflicted with the DOT.

9 **II.     Incomplete Residual Functional Capacity ("RFC") Determination**

10 Plaintiff also argues that the ALJ's RFC determination was incomplete and inaccurate.
11 (Pl.'s MSJ (ECF No. 15-1) at 13-18.) A claimant's RFC is "the most [the claimant] can still do
12 despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also
13 Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity
14 is what he can still do despite his physical, mental, nonexertional, and other limitations.").

15 In conducting an RFC assessment, the ALJ must consider the combined effects of an
16 applicant's medically determinable impairments on the applicant's ability to perform sustainable
17 work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ
18 must consider all of the relevant medical opinions as well as the combined effects of all of the
19 plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a);
20 Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a
21 claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d
22 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all
23 relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir.
24 2006).

25 Here, the ALJ found that plaintiff was moderately impaired with respect to concentration,
26 persistence or pace. (Tr. at 27.) Nonetheless, the ALJ did not include that limitation in the
27 hypothetical question to the VE or in the ALJ's RFC determination. See Lubin v. Commissioner
28 of Social Sec. Admin., 507 Fed. Appx. 709, 712 (9th Cir. 2013) ("Limiting Lubin 'to one to three

step tasks due to pain and prescription drug/marijuana use' did not capture the limitation in concentration, persistence, or pace found by the ALJ."); Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) ("In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace.  But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical.  Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert."); Brink v. Commissioner Social Sec. Admin., 343 Fed. Appx. 211, 212 (9th Cir. 2009) ("The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but also Brink's moderate limitations in concentration, persistence, or pace."); Smith v. Colvin, No. 2:12-cv-1765 EFB, 2014 WL 1303651, at *4 (E.D. Cal. Mar. 31, 2014) ("In the present case, the ALJ found that the evidence establishes that plaintiff has moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace.  Accordingly, the ALJ's RFC assessment should have included limitations consistent with this finding.").

Defendant argues that "expert medical consultants opined that Plaintiff's moderate limitations translated into an RFC for simple work."  (Def.'s MSJ (ECF No. 16) at 8.)  Those expert consultants, however, opined that plaintiff was limited to "routine 1 to 2 step" assignments for up to "2 hr intervals during regular workday and workweek."[4]  (Tr. at 89, 136.)  Moreover, in support of this assertion, defendant relies on the decision in Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), in which the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."  Id. at 1174.

"The medical testimony in Stubbs-Danielson, however, did not establish any limitations in concentration, persistence, or pace."  Brink, 343 Fed. Appx. at 212.  Here, in contrast, the ALJ

---

[4] The VE testified that the job of Surveillance Systems Monitor required "like one- and two-three-step instructions . . . ."  (Tr. at 70.)

7

found at step 3 of the sequential evaluation that the medical evidence of record established that plaintiff in fact had moderate difficulties in maintaining concentration, persistence or pace. (Tr. at 27.) Accordingly, the decision in Stubbs-Danielson is not controlling here. See Brink, 343 Fed. Appx. at 212 ("Here, in contrast, the medical evidence establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace. Stubbs–Danielson, therefore, is inapposite."); see also Rosas v. Colvin, Case No. 15-cv-0231-WHO, 2015 WL 9455475, at *13 (N.D. Cal. Dec. 28, 2015) ("the Stubbs-Danielson ALJ made no findings as to that claimant's limitations in concentration, persistence, and pace"); Martinez v. Commissioner of Social Sec., No. 2:14-cv-1095 KJN, 2015 WL 5657129, at *4 (E.D. Cal. Sept. 24, 2015) ("The undersigned finds that the reasoning of Brink is persuasive and supports a conclusion that Stubbs-Danielson does not control this case."); Juarez v. Colvin, No. CV 13-2506 RNB, 2014 WL 1155408, at *7 (C.D. Cal. Mar. 30, 2014) ("Here, the ALJ expressly found, consistent with the opinion of a state agency review physician, that plaintiff had a moderate limitation in maintaining concentration, persistence, and pace. Accordingly, under Brink, whose reasoning the Court finds persuasive, the ALJ's RFC determination should have included not only the limitation to unskilled work, but also a moderate limitation in maintaining concentration, persistence, and pace.").

Accordingly, the court finds that plaintiff is also entitled to summary judgment on her claim that the ALJ's RFC determination was incomplete and inaccurate.[5]

### III.    Grids

Plaintiff argues that, even if the court found that the ALJ's decision was free from error, because she is now 51 years old she "is entitled to a finding that she is 'disabled'" pursuant to the

---

[5] Plaintiff also argues that the ALJ's RFC failed to account for plaintiff's loss of hearing. (Pl.'s MSJ (ECF No. 15-1) at 14.) However, although the ALJ found at step two of the sequential evaluation that plaintiff's severe impairments included "some hearing loss," (Tr. at 22), at step four the ALJ found plaintiff was "able to hear better since the surgery," on her ear. (Id. at 29.) In this regard, it is not clear that the ALJ's RFC determination failed to account for plaintiff's hearing loss. See generally Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228-29 (9th Cir. 2009) ("Bray offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities.").

Medical-Vocational Rules.  (Pl.'s MSJ (ECF No. 15-1) at 18-19.)

At step five of the sequential evaluation, then ALJ can meet her burden by either taking the testimony of a vocational expert or by referring to the Medical-Vocational Guidelines.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).  The Medical-Vocational Guidelines ("the grids") are an administrative tool, in table form, used to resolve individual claims that fall into standardized patterns.  The grids categorize jobs by their physical-exertional requirements (e.g., sedentary, light, and medium) and present various combinations of factors the ALJ must consider in determining the availability of work that the claimant can perform.  See 20 C.F.R. pt. 404, subpt. P, App. 2.  See generally Desrosiers v. Sec. of Health and Human Services, 846 F.2d 573, 577-78 (9th Cir. 1988).  The factors include the claimant's Residual Functional Capacity, age, education, and work experience.  20 C.F.R. pt. 404, subpt. P, App. 2.  For each combination, the grids direct a finding of either "disabled" or "not disabled."  Id.

"[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).  However, the ALJ may rely on the grids even when a claimant has both exertional and non-exertional limitations, if the non-exertional limitations are not so significant as to impact the claimant's exertional capabilities.[6]  Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), *overruled on other grounds*, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids."); Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).  The grids are inapplicable and a vocational expert is necessary only "[w]hen a claimant's non-exertional

---

[6] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling.  20 C.F.R. § 416.969a (b) (2003); SSR 83-10, 1983 WL 31251, at *5.  Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities.  20 C.F.R. § 416.969a(c) (2003); SSR 83-10, 1983 WL 31251, at *6-7.

limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

Here, the ALJ found that the transferability of plaintiff's job skills was not material to the determination of disability because applying the grids supported a finding that plaintiff was not disabled whether or not she had transferable job skills. (Tr. at 31.) However, plaintiff has changed age categories to that of an individual closely approaching advanced age. Under that age category, if plaintiff did not have transferable skills she would be disabled. See Carter v. Barnhart, No. C03-1518 CRB, 2003 WL 22749253, at *6 (N.D. Cal. Nov. 14, 2003) ("it is possible for plaintiff's past work experience to be transferable" where plaintiff was closely approaching advanced age and limited to sedentary work); see also Merritt v. Colvin, No. 3:14-cv-5964-KLS, 2015 WL 4039355, at *8 (W.D. Wash. July 2, 2015) ("But given that the ALJ made no finding as to the transferability of job skills . . . it is unclear whether a determination of 'disabled' under Rule 201.14 or of 'not disabled' under Rule 201.15 . . . is more appropriate . . . ."). Compare 20 C.F.R., pt. 404, subpt. P, app. 2, § 201.14 with § 201.15.

Accordingly, the court finds that plaintiff is not entitled to summary judgment with respect to her claim that she entitled to a finding of disability under the grids.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is granted in part and denied in part;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: January 10, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\costa0603.ord