UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI COSTA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-0603 DB<br><br><br>ORDER |

This matter is before the court on plaintiff's fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]

Plaintiff brought this action seeking judicial review of a final administrative decision denying applications for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and for Supplemental Security Income under Title XVI of the Act. On January 11, 2017, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted in part plaintiff's motion, reversed the decision of the Commissioner, and remanded this action for further proceedings. (ECF No. 19.)

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 6 & 8.)

1

On April 4, 2017, plaintiff filed the pending motion for attorney's fees. (ECF No. 21.) On April 19, 2017, defendant filed an opposition to plaintiff's motion. (ECF No. 22.) Plaintiff filed a reply on June 22, 2017. (ECF No. 23.)

**STANDARDS**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

**ANALYSIS**

Here, the court finds—and defendant does not dispute—that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not

exceed two million dollars when this action was filed. (ECF No. 2.) Defendant argues, however, that the government's position was substantially justified. (Def.'s Opp.'n (ECF No. 22) at 3-10.)

### A. Substantial Justification

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "'[T]he position of the United States includes both the government's litigation position and the underlying agency action.'" Campbell v. Astrue, 736 F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified"). "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

Here, the court found that plaintiff was entitled to summary judgment on two claims of error: (1) conflict between the Vocational Expert's ("VE") testimony and the information contained in the Dictionary of Occupational Titles ("DOT"); and (2) an incomplete residual functional capacity determination. (ECF No. 19.) With respect to the incomplete residual functional capacity determination, defendant's decision to defend was substantially justified.

In this regard, as defendant's argument explains, in finding that the Administrative Law Judge's ("ALJ") residual functional capacity determination was incomplete, the court relied on the interpretation of Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), found in Brink v. Commissioner of Social Sec. Admin., 343 Fed. Appx. 211 (9th Cir. 2009). (ECF No. 19 at 7.) "While Brink . . . represent one line of interpretation of Stubbs-Danielson, there is another line of [unpublished] cases consistent with the government's position in this case." (Def.'s Opp.'n (ECF

3

No. 22) at 7[2]) (citing cases). "If the question of law is unresolved and of unclear resolution, then the government's litigation of the issue is reasonable and substantially justified." Kali v. Bowen, 854 F.2d 329, 330-31 (9th Cir. 1988).

Defendant, however, was not substantially justified with respect to the issue of the conflict between the VE's testimony and the DOT. In this regard, the court's January 11, 2017 order found that there was a conflict between the VE's testimony that a person limited to performing simple, repetitive tasks could perform jobs that required Level 3 Reasoning. (ECF No. 19 at 5-6.) The court's decision was supported by citations to, in part, Zavalin v. Colvin, 778 F.3d 842 (9th Cir. 2015) and Rounds v. Commissioner of Social Sec. Admin., 807 F.3d 996 (9th Cir. 2015).

In Zavalin, the Ninth Circuit held "that there is an apparent conflict between . . . limitation to simple, routine, or repetitive tasks, on the one hand, and the demands of Level 3 Reasoning, on the other hand." 778 F.3d at 843-44. In Rounds, the Ninth Circuit held that there was "an apparent conflict between . . . one-and two-step tasks, and the demands of Level Two reasoning, which requires a person to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." 807 F.3d at 1003 (quotation omitted).

The Ninth Circuit issued Zavalin on February 20, 2015, and Rounds on August 4, 2015. As cited above, both of those decisions were published opinions constituting controlling authority. Moreover, on August 25, 2015, the Ninth Circuit issued an unpublished decision holding that "[t]he addition of the restriction . . . to 'simple, 1-2 step work' reinforces the conclusion compelled by Rounds that [plaintiff's] RFC is in apparent conflict with Reasoning Level 2." Tester v. Colvin, 624 Fed. Appx. 485, 488 (9th Cir. 2015).

In determining whether defendant was substantially justified, we "focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Gutierrez, 274 F.3d at 1259 (quoting Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988)) (internal quotation marks omitted).

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Here, defendant's answer was filed on November 9, 2015, and defendant's motion for summary judgment was filed on January 19, 2016. (ECF Nos. 12, 16.) In this regard, defendant's filings occurred after the Ninth Circuit issued the opinions in Zavalin, Rounds, and Tester. Accordingly, the court finds that defendant's decision to defend on appeal was not substantially justified. Cf. Allen-Howard v. Commissioner Social Sec. Admin., 615 Fed. Appx. 402, 403 (9th Cir. 2015) ("The Commissioner's litigation position in the district court was also substantially justified. As noted, there was no controlling authority on the question raised in Allen-Howard's appeal at the time the Commissioner filed its briefing.").

**B.  Plaintiff's Fee Request**

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[3] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, after drafting a thorough motion for summary judgment, and opposition to defendant's motion for summary judgment, plaintiff successfully obtained a remand for further proceedings. Including the time spent on briefing the opposed EAJA motion, plaintiff's counsel expended 23.7 hours of attorney time on this matter. (Pl.'s Mot. (ECF No. 21) at 8-10; Pl.'s Reply (ECF No. 23) at 6.) The court finds the amount of hours expended to be reasonable,

---

[3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested attorney rates are equal to the statutory maximum rates established by the Ninth Circuit.

especially when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court.[4] See Stamper v. Colvin, No. 2:12-cv-0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). See generally Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Accordingly, after carefully reviewing the record and the pending motion, the court declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Knowles v. Colvin, Case No. 1:14-cv-1657-SKO, 2016 WL 3407594, at *3 (E.D. Cal. June 20, 2016); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

### C. Assignment of Fee Award

Defendant asserts that "[s]hould the Court award fees, any fees awarded must be paid directly to Plaintiff." (Def.'s Opp.'n (ECF No. 22) at 10.) Defendant is correct. An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010). Subsequent to the decision in Ratliff, some courts have ordered

---

[4] Defendant has not challenged the amount of hours or rate sought by plaintiff.

payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.

Here, however, plaintiff has not requested that the attorney's fees be made payable to plaintiff's counsel. Nor has plaintiff provided evidence of an assignment of plaintiff's attorney fees to plaintiff's counsel. The court, therefore, will not incorporate such a provision into this order.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 21) is granted; and

2. Plaintiff is awarded $4,534.84 in attorney fees under 28 U.S.C. § 2412(d).

Dated: October 4, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\costa0603.eaja.ord